UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

DEBRA L. JOLLY,
            *Plaintiff-Appellant,*

v.

COMPAQ COMPUTER CORPORATION,
            *Defendant-Appellee.*

No. 01-2281

DEBRA L. JOLLY,
            *Plaintiff-Appellant,*

v.

COMPAQ COMPUTER CORPORATION,
            *Defendant-Appellee.*

No. 02-1136

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T.S. Ellis, III, District Judge.
(CA-01-147)

Submitted: September 30, 2002

Decided: January 14, 2003

Before WIDENER, NIEMEYER, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Sheila Venable, Alexandria, Virginia, for Appellant. William Patrick
Flanagan, HOGAN & HARTSON, L.L.P., McLean, Virginia; Coates

Lear, HOGAN & HARTSON, L.L.P., Denver, Colorado, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

In case number 01-2281, Debra L. Jolly appeals the district court's order dismissing her claim against Compaq Computer Corporation filed pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C.A. §§ 1001-1461 (West 1999 & Supp. 2002) (ERISA). Jolly claims that the district court erred in granting summary judgment to Compaq and concluding that Compaq did not violate the tenets of ERISA by failing to timely provide Jolly with a comprehensive plan relating Compaq's short-term disability program.

We review de novo a district court's grant of summary judgment. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Upon written request, ERISA requires an employer to "furnish a copy of the latest updated summary plan description, plan description . . . or other instruments under which the plan is established or operated." 29 U.S.C.A. § 1024(b)(4) (West Supp. 2002). It is undisputed that at the time of Jolly's request for documentation, Compaq had not yet completed its comprehensive plan document relating to short-term disability. Accordingly, we conclude that, at the time of Jolly's request, the comprehensive plan document was not an instrument under which the plan was established or operated.\* *Faircloth v. Lundy Packing Co.*, 91 F.3d 648, 654 (4th Cir. 1996). Jolly was thus not entitled to relief.

---

\*We also note that Compaq provided Jolly with a summary plan description in a timely manner, and further, that upon its completion in February, 2001, Compaq provided Jolly with a copy of the comprehensive plan documents.

In No. 02-1136, Jolly assigns error to "the December 18, 2001, order that denied her motion for attorney fees." (Appellant's second notice of appeal, docketed January 17, 2002). This order denies a motion for attorney's fees filed by Compaq, not by Jolly. However, because Jolly included a request for attorney's fees in her motion for summary judgment, we conclude that the district court's denial of Jolly's motion for summary judgment and award of summary judgment to Compaq implicitly denied Jolly's request. Accordingly, the matter is properly before the court for review. We have held that only a prevailing party may succeed on a motion for attorney's fees under ERISA. *See Martin v. Blue Cross & Blue Shield of Va.*, 115 F.3d 1201, 1209-10 (4th Cir. 1997). Because Jolly's claim does not succeed on the merits, she cannot prevail on her claim for fees.

Accordingly, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*